IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSIE LEE VILLA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1482-G |
| | § | |
| SHERIFF LUPE VALDEZ, | § | |
| Dallas County, Texas | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jessie Lee Villa, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed for want of prosecution.

I.

On August 15, 2006, petitioner filed an application for writ of habeas corpus challenging his continued confinement in the Dallas County Jail for a probation and parole violation. However, petitioner did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. On August 18, 2006, a notice of deficiency was sent to petitioner at the Dallas County Jail, the address listed in his habeas petition. Petitioner was ordered to either pay the filing fee or file an application to proceed *in forma pauperis* within 20 days, or the case would be dismissed. Twelve days later, the unopened envelope containing the deficiency notice was returned to the clerk with the notation, "Return to Sender/Not in Dallas County Jail." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

A deficiency notice was mailed to petitioner at the Dallas County Jail -- the only address provided to the court. However, petitioner is no longer incarcerated in that facility and has not furnished the court with his current address. Without this information, the court cannot communicate with petitioner and this litigation cannot proceed. Dismissal is clearly warranted under these circumstances. *See Blackmon v. Texas Board of Pardons and Paroles*, No. 3-04-CV-1520-N, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2049218 (N.D. Tex. Sept. 3, 2004) (dismissing *pro se* prisoner complaint for failure to provide court with current address).

## RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED:  September 18, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE